COPY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO M. MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>L. BRYANT and O. HERRERA,<br><br>Defendants. | NO. CV 06-5344-GW (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file *de novo*, including the complaint; the Magistrate Judge's Report and Recommendation ("R&R"); the Objections to the R&R filed on January 15, 2009 ("Objections"); and the records and files. Based upon the Court's *de novo* review, the Court agrees with the recommendation of the Magistrate Judge.

Defendants make three objections: (1) the complaint did not plead a "failure to intervene" claim against Defendant Bryant; (2) Bryant is entitled to summary judgment based on the undisputed facts of his personal involvement; and (3) Bryant is entitled to qualified immunity.

Defendant's argument that Plaintiff was required to plead a "failure to intervene" claim in his complaint is rejected. (Objections at 2.) "A document filed

*pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (citations omitted). "Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief." *Fontana v. Haskin*, 262 F.3d 871, 876-77 (9th Cir. 2001). In *Fontana*, the Ninth Circuit held that dismissal of a sexual harassment claim under § 1983 on the ground that the complaint did not specifically state the claim was based on sexual harassment was erroneous. *Id.*

Here, Plaintiff's complaint alleged excessive force in violation of the Eighth Amendment. (Complaint ¶ 1.) Plaintiff alleges that he "did nothing to provoke either c/o Bryant or c/o Herrera to cause this assault." (*Id.* ¶ 7) Bryant is alleged to have instructed Herrera to "'handle that man for me.'" (*Id.*) After ordering Plaintiff to the gym, Bryant and Herrera approached Plaintiff, with Herrera tackling and slamming him to the floor. (*Id.*) Plaintiff alleges that Bryant and Herrera used unnecessary and wanton infliction of pain "knowingly, maliciously, and sadistically." (*Id.* ¶¶ 11-13.)

Plaintiff's complaint pleaded an excessive force claim. Failure to intervene is a type of conduct upon which a plaintiff may predicate liability for excessive force. *See Motley v. Parks*, 383 F.3d 1058, 1071 (9th Cir. 2004) (individual liability may be based either on participation or failing to intervene to stop harassment). The seminal case in the Ninth Circuit on failure to intervene, *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995), stated:

> Although it is true that there are no allegations that Officers Cox and Morris took any action against any inmates, it is also true that a prison official can violate a prisoner's Eighth Amendment rights by failing to intervene. *See Del Raine v. Williford*, 32 F.3d 1024, 1038 (7th Cir. 1994) ("A

|   |   |
|---|---|
| 1 | failure of prison officials to act in such circumstances |
| 2 | suggests that the officials actually want the prisoner to suffer |
| 3 | the harm."); *Buckner v. Hollins*, 983 F.2d 119, 123 (8th Cir. |
| 4 | 1993) ("Veltrop's failure to intervene in order to stop |
| 5 | Buckner's beating . . . would provide an ample basis for a |
| 6 | jury to conclude that Veltrop . . . violated Buckner's Eighth |
| 7 | Amendment rights."). |

8  Defendants point out that they are hampered in their ability to move for
9  summary judgment where, as here, a plaintiff does not plead legal theories with
10 specificity. (Objections at 3.) The Ninth Circuit in *Fontana* acknowledged that
11 "Plaintiffs are not required to allege legal theories, . . . but doing so makes it more
12 likely that the opposing party will have notice and better understanding of what is
13 at issue." *Fontana*, 262 F.3d at 877. Nevertheless, the Court rejected the lower
14 court's unduly narrow construction of the complaint. *Id.* Moreover, the objection
15 is not dispositive because Bryant is alleged to have affirmatively participated in
16 excessive force as described below.

17 Defendants' second objection is without merit. Defendants argue that
18 Bryant is entitled to summary judgment even assuming that he told Herrera to
19 "handle that man for me" and held down Plaintiff's legs during the alleged attack.
20 (R&R at 3-4; Objections at 6.) Defendants argue that Bryant's conduct is not
21 sufficient to raise an inference that force was used "maliciously and sadistically
22 for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6, 112
23 S. Ct. 995, 117 L. Ed. 2d 156 (1992).

24 The R&R found that Plaintiff submitted admissible evidence of an
25 unprovoked attack (R&R at 2-5, 9) and found a genuine issue of material fact as
26 to whether there was a threat or need for application of force. (R&R at 10).
27 Evidence that the attack was unprovoked creates a genuine issue as to whether
28 force was applied maliciously or sadistically for the very purpose of causing harm.

*See Hudson*, 503 U.S. at 4 (prison officers' use of force when there was no need for it); *Felix v. McCarthy*, 939 F.2d 699, 701-02 (9th Cir. 1991) (affirming denial of summary judgment in § 1983 action challenging prison guards' use of unprovoked force in violation of Eighth Amendment). Defendants' argument that Bryant cannot be held liable for initiating an unprovoked attack by telling Herrera to "handle that man for me" and holding Plaintiff's leg during the attack is without merit. (Objections at 6-8.) The R&R applied the correct legal standard and found that Plaintiff's evidence created a genuine issue as to whether Bryant meaningfully participated in excessive force. (R&R at 11.) Defendants' objection to the citation to *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 (9th Cir. 2007), for the proposition that "[a]n officer's liability under § 1983 is predicated on his 'integral participation' in the alleged violation" is inapposite. Although it is true that *Blankenhorn* involved an excessive force claim under the Fourth Amendment, its requirement of "integral participation" to establish individual liability is not so limited. *See McRorie v. Shimoda*, 795 F.2d 780, 783 (9th Cir. 1986) (individual liability for Eighth Amendment violation may be based on personal participation or conduct that causes a person to be subjected to a constitutional deprivation). Finally, Defendants' argument that Plaintiff's testimony in this case is undermined by prior inconsistent statements and is not credible is inappropriate on summary judgment.[1]

    Defendants' third objection that Bryant is entitled to qualified immunity springs from the flawed premise that "the evidence does not demonstrate that Defendant Bryant participated in any excessive force incident or allowed it to occur because of an unconstitutional motive or state of mind." (Objections at 9.)

---

[1] Defendants' reliance on *Kennedy v. Allied Mutual Insurance Co.*, 952 F.2d 262, 266 (9th Cir. 1991), is misplaced. Defendants seek to impeach Plaintiff with a prior, unsworn, allegedly inconsistent statement made on the date of the incident. (Objections at 5.) By contrast, the issue in *Kennedy* was whether a party could defeat summary judgment by submitting an affidavit that contradicted prior deposition testimony. *Id.* at 266-67.

4

Because Plaintiff has raised disputed issues of fact as to the what the evidence shows, Bryant is not entitled to qualified immunity. (*See* R&R at 15 ("Defendants' argument improperly relies on their version of disputed material facts."); *Felix*, 939 F.2d at 701-02 (affirming denial of summary judgment on qualified immunity grounds based on clearly established law as to use of unprovoked force in violation of Eighth Amendment).

IT IS HEREBY ORDERED that (1) the Report and Recommendation is adopted; (2) Defendants' motion for summary judgment is granted in favor of Defendants in their official capacities; and (3) Defendants' motion for summary judgment is denied in their individual capacities.

DATED: May 19, 2009

GEORGE H. WU
United States District Judge

5